ALFRED T. LIVINGSTON ET AL., Complainant,

*v.*

PEDRO LOPEZ ET AL., Dfts.

San Juan, Equity, No. 965.

On Motion of Complainants to Dismiss.

Jurisdiction of Court of Equity—Right of Office—Property Rights.

1. Although a Federal court cannot enjoin a municipal corporation from removing one of its officers, it has jurisdiction over the parties where property rights as distinguished from right of office are involved.

Right of Private Person to Repair a Public Road.

2. Where a municipality fails or declines to repair a public road, a person whose only outlet to market is by the said road has a right to repair it.

Municipal Ordinances and Statutes of a State—Jurisdiction of Court.

3. A court has a very limited, if any, right to look into anything connected with a statute of a state if it has been passed by the proper authority and is not unconstitutional or against public policy; but where a municipal ordinance is concerned, it has the right to declare it void if unreasonable.

Municipalities in Porto Rico Distinguished from Municipalities in the United States—Reasonableness of Ordinance.

4. In the United States generally a municipality is confined to the well-settled parts of a city or town, while in Porto Rico a municipality takes in not only the well-settled parts of a city or town, but also considerable surrounding country; and where it fails to repair a road, and declares in a sense by ordinance that no one shall repair it, even a property owner abutting it and owning part of the land forming the road, which is his only outlet to market, such ordinance is unreasonable and void.

Opinion filed March 23, 1916.

Livingston v. Lopez.

*Messrs. Joseph Anderson, Jr.,* and *Miles M. Martin* for complainants.

*Messrs. José L. Pesquera* and *E. B. Wilcox* for defendants.

HAMILTON, Judge, delivered the following opinion:

1. This cause comes on to be heard upon two motions. The first, which has been in the case for some time, is a motion to strike certain parts of the bill of complaint. The second is a motion of the plaintiffs themselves to dismiss. The motion to strike is designed quite largely, I think, to raise the question of jurisdiction. Defendants move to strike out certain allegations of the complaint on the ground that this court of chancery has no jurisdiction over such matters, and reliance is had particularly upon the case of Re Sawyer, 124 U. S. 200, 31 L. ed. 402, 8 Sup. Ct. Rep. 482. That was a case where a municipal corporation provided for the removal of an official and the appointment of his successor. The lower court enjoined this action, and the Supreme Court decided that the Federal court had no jurisdiction in the matter. It is urged that that controls the case at bar, as showing that the Federal court has no right to control the administration of police justice, the ordinances of a municipality.

I do not think that case covers this one. The law declared there is, of course, unquestionable, but that case itself says, what is undoubtedly the law, that a chancery court has jurisdiction in injunction proceedings so far as property rights are affected, and that is the distinction upon which the court goes. The case then before the Federal court was not one of property

rights, but of the right of office, which the chancery court did not have any control over.

2. Now it seems to me that the case now at bar is one of property rights, and that it is one in which a court of chancery will have jurisdiction over the parties. The exact question is this: Can a municipality in Porto Rico fail or decline to repair a public road for lack of funds, or any reason, and then, coincident with that, pass an ordinance holding that persons whose property abuts on that road, and whose only outlet to market is by that road, cannot repair the road? It would seem that stating that proposition is enough to refute it. A person whose property abuts on a public road ordinarily owns the soil to the middle of that road. He has even a greater interest than a citizen at large in regard to access and travel over the road. It can hardly be questioned that if a citizen traveling over a public road comes to a place which is impassable, no matter what ordinances there may be, he is not inhibited from getting hold of poles or something else and laying them down in the road for the purpose of getting over that hole. That is done, I suppose, every day of the year somewhere, and if that is so, it would look *a fortiori* that a property owner has the right to repair it for the same purpose, to get over the road, doing it more substantially and doing it better. So that it seems to me this case is sharply distinguished from the case of Re Sawyer.

3. Now, in the second place, there is this question: It has been held repeatedly,—and the present incumbent of this bench happens to have been city attorney for a number of years of quite an active city in America, and had occasion to learn the principle quite thoroughly on its positive and negative side,—

Livingston v. Lopez.

it has been held that the ordinances of a municipality are different from the statutes of a state. A court has no right, or a very limited right, to look into anything connected with a statute. If it is passed by the proper authority, it is binding, unless unconstitutional or against public policy. That is all there is to it. But when it comes to the ordinances of a city or a town, they may be declared void by a court if they are unreasonable. That has been held time and again. "If it is against public policy or unreasonable" is the way it is expressed. That is firmly settled in American jurisprudence. Dill. Mun. Corp. 8th ed. §§ 319, 322.

4. The question would arise, however, is that applicable to a municipality in Porto Rico? A municipality in Porto Rico is something different from a town or a city in one of the United States. A city there is chartered with certain defined limits, certain well-settled limits, and is an entity by itself. In Porto Rico, according to its Spanish and Roman inheritance, a municipality, and this one, for instance, is more than that. It embraces the settled part, what we would call in the Southern states, at least, a town, and goes out into the country, too, and is, perhaps, more analogous to the New England towns. It goes further than the well-settled parts, and takes in a good deal of country; and nevertheless the town council, whatever may be the proper name for it,—I believe in Spanish times it was "ayuntamiento,"—has extensive powers over the whole boundaries. The question is, is what is true of a town in the American sense true of a municipality here? I believe in that aspect of it, this is a case of novel impression. Can a court, not the United States court as distinguished from any other court, but here, the United States court whatever its jurisdic-

Livingston v. Lopez.

tion, declare such an ordinance void because unreasonable?
The point is not raised in the bill of complaint, so that mention-
ing this is, in a sense, *obiter dictum;* but that is not true, because
I am asked to take up the whole question of the jurisdiction of
the court over the bill, now and as it may be amended. Has this
court jurisdiction over the subject-matter that is sought to be
presented by the bill? It seems to me that the same ruling
would apply here that would apply in the states, at least, to the
extent of the case presented before me. The municipality in
this case does not repair this road, and it declares, in a sense,
that nobody shall repair it, even though he be a property owner
facing on it, and own the land over which it runs, and have
no other access to any market or any other public place that
business may call him to. That does seem to be unreasonable
in the highest sense of the word. It is so unreasonable that it
seems to be unjust, so that it seems to me that it would be
right, the pleadings being in proper form, to declare that such
an ordinance,—I do not say any ordinance, but that such an
ordinance,—would be void for unreasonableness.

5. Having reached that conclusion, the other point to take
up would be that of dismissal. The motion to dismiss is made
by the plaintiffs, and it is opposed by the defendants on the
ground that they have an affirmative defense in the answer,
which has been discussed as a cross bill. They have there set
up a claim that the plaintiffs are the ones who are doing the
injury; that they are encroaching upon public domain, and
should be enjoined from doing anything to that road because
of the ordinance in question. If the ordinance in question is
not sustained, of course this defense could not be sustained,
so that, quite apart from the general principle that the dis-

missal of a bill would carry with it all ordinary answers, it would seem that the plaintiffs have the right to dismiss the bill, and this would carry with it everything that is in the so-called cross bill. The defendants are not injured by this, because if they have any real right in the matter, they can enforce it by some appropriate proceeding. The fact of this matter seems to be, from the statement of counsel, and I do not think that it is contradicted, that what was sought by the plaintiffs has been accomplished. The road is practically repaired, so that there is now nothing for the parties to litigate over, and it looks as if the plaintiffs ought to be declared to have the right to dismiss their own bill under those circumstances. With the dismissal, as understood, go the costs of the case. The result is that the bill is dismissed.